SUMMARY ORDER

Petitioners Fen Xu Huang and Kang Ling Chen, natives and citizens of the *602 People’s Republic of China, seek review of the October 2, 2007 and September 28, 2007 orders of the BIA denying their motions to reopen. In re Fen Xu Huang, No. A78 745 710 (B.I.A. Oct. 2, 2007); In re Kang Ling Chen, No. A78 108 479 (B.I.A. Sep. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Petitioners’ untimely motions to reopen.
Petitioners argue that the BIA erred in concluding that they failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing their motions to reopen or their prima facie eligibility for relief. However, these arguments fail where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Further, Petitioners waive any challenge to the BIA’s finding that they were ineligible to file a successive asylum application based on their changed personal circumstances. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).